**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ANNER MISAEL SALGADO PERALTA,
Petitioner,

v.

WARDEN, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26-cv-5754-BJC-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

On October 7, 2026, Petitioner Anner Misael Salgado Peralta, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241. ECF No. 1. Petitioner is a citizen of Honduras who entered the United States in May 2017 as an unaccompanied juvenile, in order to seek asylum. He was released from DHS custody on parole for the duration of his asylum case. On December 1, 2021, his immigration case was administratively closed based on in-court prosecutorial discretion. On August 25, 2026, Petitioner drove through an immigration checkpoint and was arrested. ICE officers detained him and transported him to the Otay Mesa Detention Center, where he remains detained.

A pre-deprivation hearing was not held prior to his re-detention, and he has not been given a bond hearing. Petitioner requests that the Court assume jurisdiction over the matter, grant the petition, and order his immediate release from custody.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II. DISCUSSION

Petitioner contends his detention violates the Administrative Procedures Act and the Due Process clause of the Fifth Amendment. In response, Respondents state that Petitioner is subject to detention under section 1226(a) but acknowledge "that Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." ECF No. 11. Respondents further note that "[t]o the extent Petitioner requests immediate release because of a lack of an administrative warrant, undersigned counsel has no further information concerning the arrest warrant and Petitioner's arrest." *Id.* Therefore, Respondents state that they "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."[1] ECF No. 11.

Here, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his

[1] Respondents argue that the Court does not need to address Petitioner's Due Process arguments because the Court can order a bond hearing, which is another ground upon which to dispose of the case that does not require a constitutional analysis, citing *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009)("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case.") The Court finds that a Due Process analysis is necessary in this case.

parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. Accordingly, the Court finds Petitioner's revocation of parole and detention violates his Due Process rights.

## III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: November 6, 2026

Honorable Benjamin J. Cheeks
United States District Judge